ADDISON ELY, RESPONDENT, v. RUDOLPH M. HERTS-HORN ET AL., APPELLANTS.

Submitted July 7, 1919—Decided November 17, 1919.

In an action of ejectment for possession of lands claimed to have been conveyed by a judgment debtor to the defendant in fraud of his creditor, and where the judgment was recovered after the conveyance, and the right, title and interest of the alleged fraudulent grantor in the land was sold to the plaintiff in ejectment under an execution issued on the judgment against the grantor, the deed of the sheriff is not sufficient to support the action, for the holder of the title, derived from the legal owner, will not be put out of possession without proof of fraud in the grant to him or those under whom he claims title.

On appeal from the Supreme Court, Bergen circuit.

For the respondent, *Addison Ely.*

For the appellants, *Luther Shafer.*

The opinion of the court was delivered by

BERGEN, J. This is an action of ejectment to recover possession of land, and was tried before a Circuit Court judge, a jury being waived, who found in favor of the plaintiff, on which finding the judgment was entered, from which defendants appeal. The facts are not in dispute and are that one Matthias Umstatter, being the owner of land in Bergen county, New Jersey, conveyed the same, October 13th, 1899, to Agnes Miller and John Umstatter; that December 15th, 1899, one Julian Jaeger recovered a judgment in the Bergen County Circuit Court against Matthias Umstatter for $424.72, and caused an execution to be issued thereon which was returned unsatisfied and without levy; that December 22d, 1899, Jaeger filed a bill in Chancery to have the conveyance decreed to have been made in fraud of creditors, and it was so decreed and the land sold to pay his debt; that notice of *lis pendens* was duly filed in the proper clerk's office; that Jaeger bought the land at the sale under this decree, and, subsequently, conveyed it to the Rutherford Heights Association, and the latter conveyed to the present defendants, who now hold the record title. The plaintiff's title rests upon the following conditions: On the day Jaeger recovered his judgment, one Phillips recovered a judgment against Umstatter in a court for the trial of small causes, which was docketed January 5th, 1900, in the Court of Common Pleas of Bergen county for $103.10, and an execution issued thereon by virtue of which a levy was made on the right, title and interest of Umstatter in the same land, and it was sold to the plaintiff in this cause February 28th, 1900, and conveyed to him by the sheriff of Bergen county, March 15th, 1900. No action was taken to disturb the possession of the purchaser under the decree in Chancery, or his grantors until August 6th, 1918, a period of. over eighteen years, when this suit was brought. This record clearly shows that when the bill of complaint was filed to set aside the Umstatter deed as fraudulent, the Phillips judgment was not a lien on the lands, either at law or in equity, because it was not docketed in the Common Pleas Court until long after the bill in equity and notice of *lis*

*pendens* had been filed. The plaintiff argues in support of his judgment in ejectment that the sale made by virtue of the order of the Court of Chancery did not affect his right, if any, under his judgment entered after the bill was filed. In other words, that when a judgment creditor files a bill in equity to set aside a deed as fraudulent against him as a creditor, and filed a *lis pendens,* a subsequent judgment creditor may remove the subject of the suit from the jurisdiction of the Chancellor, by selling it under his subsequent judgment and levy, simply because no levy was made under the execution issued on the judgment upon which the Chancery proceedings are rested. There is respectable authority for the proposition that the effect of the filing of the bill is, in such cases, to create a lien on the land involved, and that such a lien is superior to a levy under a judgment subsequently entered. It is urged that the rule laid down by Vice Chancellor Pitney, in *Kinmouth* v. *White,* 61 *N. J. Eq.* 358, is to the contrary, but there the question arose on the marshaling of assets and the establishing of priorities between judgments all in existence when the bills were filed, and the precise question argued on this branch of the present case was not considered or decided. But it is not necessary to decide that question in this case, for, even if the levy created a lien which Phillips could enforce by sale, the right of possession would not be complete until Umstatter's conveyance was established to be fraudulent as to Phillips. It was adjudged to be fraudulent as to Jaeger, and was sold to pay his debt,' but that does not prove that it was so as to Phillips. A judgment creditor has the right to levy on and sell land that he claims to have been conveyed in fraud of his debt, but to maintain ejectment to remove the conveyance and clear his title from it, he must prove the fraud, for it is never presumed. All the plaintiff offers in support of his action is the deed from the sheriff to him as the result of the sale under the execution, but as the legal title was in others than the judgment debtor, he must show to the satisfaction of a jury that the conveyance was voluntarily made with a fraudulent intent to hinder and delay him in the collection of his debt. If that condition did

not exist, then the grantee of Umstatter had the legal title and the plaintiff had conveyed to him nothing but a non-existent interest. Nor is he entitled to the benefit of the decree of the Chancellor in the Jaeger suit, for that could only adjudge that the conveyance was void as to the complainant alone, as the bill was not filed for the benefit of all creditors who might come in and help bear the burden of that suit.

There being no proof of fraud in this case, all the trial court had as a basis for the judgment appealed from was a deed made by a sheriff for lands sold by virtue of an execution against one who had not the legal title, and such a sale could not convey a title vested in a person not a party to the action in which the judgment was entered, unless the conveyance was in fraud of creditors, and there being no proof of this, there is nothing to support the judgment in ejectment against one who is a *bona fide* purchaser from the grantee of the sheriff of Bergen county, who sold and conveyed the land as directed by the decree of the Chancellor because the conveyance passing the title from the judgment debtor was a fraud as to the judgment creditor.

The proof failing to meet the legal requirements in this case the judgment will be reversed and a new trial ordered.

*For affirmance*—MINTURN, BLACK, HEPPENHEIMER, WILLIAMS, JJ. 4.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, SWAYZE, TRENCHARD, PARKER, BERGEN, KALISCH, WHITE, TAYLOR, GARDNER, ACKERSON, JJ. 11.